LONGYEAR, O'DEA & LAVRA, LLP
John A. Lavra, CSB No.: 114533
Amanda L. McDermott, CSB No.: 253651
3620 American River Drive, Suite 230
Sacramento, CA 95864
Phone: 916-974-8500
Facsimile: 916-974-8510

Attorneys for ANNE MARIE SCHUBERT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA SACRAMENTO DIVISION

| | |
|---|---|
| J. N., Plaintiff, | Case No.: 2:14-cv-02428-DDP-PLA |
| vs. | DEFENDANT ANNE MARIE SCHUBERT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS |
| DETECTIVE HEATHER M. HENDRIKSON #429, ANNE MARIE SCHUBERT, RICK BRAZIEL, DETECTIVE J. LEROSE #773, SGT. DUBKE, SACRAMENTO POLICE DEPARTMENT, CITY OF SACRAMENTO, and TEN UNKNOWN NAMED DEFENDANTS ["ROES" 1-10], inclusive, Defendants. | Date: September 14, 2015<br>Time: 10:00 A.M.<br>Judge: Honorable Dean D. Pregerson<br>CtRm: 3 - 2nd Floor |

Plaintiff's opposition to Defendant Schubert's Motion to Dismiss fails to cure the deficiencies in his Third Amended Complaint ("TAC") or otherwise establish that the claims now asserted against Defendant Schubert should not be dismissed as a matter of law. It is undisputed that Plaintiff filed the TAC after the statute of limitation had expired, and Plaintiff fails to establish that the TAC relates back to the date of the original complaint. Even if the TAC is not time barred, Defendant Schubert is entitled to absolute prosecutorial immunity for her actions in procuring the relevant arrest warrant. Plaintiff offers no evidence that Defendant Schubert engaged in any activity beyond that of her role as prosecutor that would make such immunity inapplicable. For these reasons, Defendant Schubert respectfully requests that the claims asserted against her for the first time in the TAC be dismissed with prejudice.

/ / /

/ / /

**ARGUMENT**

**I.   THE CLAIMS ASSERTED AGAINST DEFENDANT SCHUBERT ARE UNTIMELY AND THE THIRD AMENDED COMPLAINT DOES NOT RELATE BACK TO THE FILING OF THE ORIGINAL COMPLAINT.**

Plaintiff does not dispute that the TAC specifically names Anne Marie Schubert as a defendant for the first time, or that the TAC was filed after the statute of limitations period for Section 1983 claims had expired. Instead, he urges the Court to find that the TAC and those claims asserted against Schubert relate back to the filing of the original complaint.

California Code of Civil Procedure section 474 provides: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint...and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly...." The complaint must state that the plaintiff is ignorant of the true name of the fictitiously named defendant and must set forth a cause of action against that defendant. See Kerr-McGee Chem. Corp. v. Superior Ct, 160 Cal. App. 3d 594, 597-598 (Cal. Ct. App. 1984) and Winding Creek v. McGlashan, 44 Cal. App. 4th 933, 941 (1996). Moreover, the plaintiff must have been genuinely ignorant of the fictitiously named defendant's true name at the time of filing the original complaint. Woo v. Super. Court, 75 Cal. App. 4th 169, 177 (1999).

The TAC fails to relate back to the filing of the original complaint in that (1) Plaintiff's complaint stated only that he was ignorant as to true names of the fictitiously named defendants that he defined as various employees of the City of Sacramento and the Sacramento Police Department, (2) Plaintiff does not allege or provide evidence to establish that he was actually ignorant of Anne Marie Schubert's name at the time of filing the original complaint, and (3) Plaintiff did not set forth any cause of action in the original complaint against Schubert as a fictitiously named defendant.

In the original complaint Plaintiff states that he is ignorant of the true names and capacities of "those defendants named as Unknown Named Defendants or 'Roes.'" Complaint at ¶ 12. In the preceding paragraph, he defines the "unknown named defendants ['Doe'

defendants]" as various employees and high ranking officials of the City of Sacramento and the Sacramento Police Department. Id. at ¶ 11. Therefore, Plaintiff's ignorance as to the identity of certain defendants was limited to the asserted category of individuals. Nowhere in Plaintiff's original complaint does he reference involvement by the District Attorney's Office or individual unknown employees thereof.

There is no allegation and no evidence to support that Plaintiff was actually ignorant of Anne Marie Schubert's name or her involvement in procuring the relevant arrest warrant at the time of filing the original complaint. See Woo v. Super. Court, supra, 75 Cal. App. 4th at 177; Schroeter v. Lowers, 260 Cal.App.2d 695, 700 (1968) (The lack of knowledge of the true name of a defendant, however, must be "real and not feigned."). Even if Plaintiff's statement in paragraph 12 of his original complaint is construed to apply to Schubert as a fictitiously named defendant, the statement must be genuine. Plaintiff fails to allege or establish that he was genuinely ignorant as to Schubert's identity at the time he filed the original complaint.

Lastly, the original complaint specifically stated which category of defendants each of the nine (9) claims for relief was asserted against. Those categories of defendants were defined as Sacramento Police Department Individual Defendants, Sacramento Police Department Supervisorial Defendants, *Monell* Defendants, and Long Beach Defendants. Complaint at 36-46. Plaintiff does not allege and there is no evidence to support that Defendant Schubert falls within any of those categories of defendant. Therefore, the original complaint failed to set forth a cause of action against Schubert as a fictitiously named defendant.

Based on the foregoing, Defendant Schubert respectfully requests that this Court find that the TAC does not relate back to the filing of the original complaint, and that Plaintiff's claims for relief against her are time barred.

## II.   ALL RELEVANT ACTIONS TAKEN BY DEFENDANT SCHUBERT WERE IN HER CAPACITY AS PROSECUTOR AND THEREFORE SHE IS ENTITLED TO ABSOLUTE IMMUNITY.

"[P]rosecutors are entitled to absolute immunity for their actions in procuring a warrant, so long as they do not act as attesting witnesses." Orth v. Balaam, 528 Fed. App'x 723, 725-26

(9th Cir. 2013) (citing Kalina v. Fletcher, 522 U.S. 118, 129, 118 S. Ct. 502, 139 L. Ed. 2d 471 (1997), and Burns v. Reed, 500 U.S. 478, 492, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991)).

The TAC does not allege any facts to suggest that Defendant Schubert was an attesting witness in support of the arrest warrant application. At best, it asserts that Defendant Schubert's role in the alleged wrongs against Plaintiff was her procurement of the arrest warrant. According to the language of Schubert's declaration cited in the TAC, Schubert received information from law enforcement officers and attached that information for the court's review. TAC at ¶ 69.

In his opposition brief, Plaintiff claims that Defendant Schubert was acting as a "complaining witness" when she signed the declaration Plaintiff cites to in the TAC. Opposition, p. 3. He relies on Kalina v. Fletcher, supra, to establish that signing of said declaration amounts to action beyond simply procuring an arrest warrant, and is akin to acting as a complaining witness. Id. Plaintiff mischaracterizes the holding of Kalina, and fails to offer anything more than a conclusory assertion unsupported by any evidence.

In Kalina, the prosecutor supported her motion for an arrest warrant with an additional document wherein she summarized the evidence supporting the charge and personally vouched for the truth of the facts set forth in that document under penalty of perjury. 522 U.S. at 121. The Supreme Court determined that in doing so, the prosecutor acted as a complaining witness, a role for which she was not entitled to absolute immunity. Id. at 131.

Plaintiff does not allege or offer any evidence that Schubert authored a similar type of document as that of the prosecutor in Kalina or that Schubert personally vouched for the information provided in the attached report authored by Detective Hendrickson. There is simply no evidence that Schubert's actions constituted those of a complaining witness. The language Plaintiff cites to from the declaration authored by Schubert clearly indicates that the role of the "complaining witness" was filled by law enforcement officers, specifically Detective Hendrickson. TAC at ¶¶ 69-71.

Therefore, Defendant Schubert is entitled to absolute immunity.

/ / /

/ / /

DEFENDANT SCHUBERT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Page - 4

**CONCLUSION**

For the foregoing reasons, Defendant Schubert respectfully requests that this Motion to Dismiss be granted with prejudice.

Dated: August 31, 2015                    LONGYEAR, O'DEA & LAVRA, LLP

                                          By:  /S/ Amanda L. McDermott
                                               JOHN A. LAVRA
                                               AMANDA L. MCDERMOTT