O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| J.N., | ) | Case No. CV 14-02428 DDP (PLAx) |
| Plaintiff, | ) ) ) | **ORDER GRANTING DEFENDANT ANNE MARIE SCHUBERT'S MOTION TO** |
| v. | ) ) | **DISMISS** |
| DETECTIVE HEATHER M. HENDRICKSON #429; ANNE MARIE SCHUBERT; RICK BRAZIEL; DETECTIVE J. LEROSE #773; SGT. DUBKE; SACRAMENTO POLICE DEPARTMENT; CITY OF SACRAMENTO; TEN UNKNOWN NAMED DEFENDANTS | ) ) ) ) ) ) ) ) ) | [Dkt. No. 40] |
| Defendants. | ) ) | |
| _____ | ) | |

Presently before the Court is Defendant Anne Marie Schubert's Motion to Dismiss for Failure to State a Claim. Having heard oral arguments and considered the parties' submissions, the Court adopts the following order.

**I.  BACKGROUND**

Plaintiff J.N. brought a § 1983 action against various members of the Sacramento Police Department ("SPD"), the SPD, the City of Sacramento, unknown named defendants ("Does"), and Defendant Anne

Marie Schubert ("Schubert"), who is a Deputy District Attorney for the County of Sacramento. (Third Am. Compl. at 3-5.) Plaintiff contends that Defendants' investigation, arrest, and prosecution of him was malicious and not supported by probable cause. (See id. at 2-3; 33-34; 41-45.) He further contends that Defendants fabricated evidence and suppressed exculpatory evidence during the prosecution. (See id. at 3; 33-34; 41-45.)

Plaintiff originally filed his complaint on March 31, 2014. (Dkt. No. 1.) By the parties' stipulation, Plaintiff filed his Third Amended Complaint on March 15, 2015, in which he added Defendant Schubert. (See Dkt. No. 29, Third Am. Compl.) Defendant Schubert has now filed a Motion to Dismiss. (Dkt. No. 40.)

**II. LEGAL STANDARD**

A 12(b)(6) motion to dismiss requires a court to determine the sufficiency of the plaintiff's complaint and whether it contains a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a court must (1) construe the complaint in the light most favorable to the plaintiff, and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001); Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).

In order to survive a 12(b)(6) motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 570 (2007)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Dismissal is proper if the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008); see also Twombly, 550 U.S. at 561-63 (dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief).

A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Court need not accept as true "legal conclusions merely because they are cast in the form of factual allegations." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

**III. DISCUSSION**

Defendant Schubert has filed a Motion to Dismiss based on two grounds: first, that she is entitled to absolute prosecutorial immunity; and second, that the claims against her are time barred. (Def. Mot. Dismiss at 1.)

**A.   Absolute Prosecutorial Immunity**

Defendant Schubert argues that any allegation against her in Plaintiff's Third Amended Complaint, such as signing an arrest warrant declaration, "relates to her actions as a Deputy District

3

Attorney involved in preparing to prosecute and/or the actual prosecution of Plaintiff for various criminal violations," for which Defendant is immune. (Def.'s Mot. Dismiss at 3.) Plaintiff argues that Defendant Schubert is not protected by absolute immunity "because Ms. Schubert was performing the function of a 'complaining witness,' . . . when she signed the arrest warrant declaration," relying on Kalina v. Fletcher, 522 U.S. 118, 131 (1997). (Pl.'s Opp'n Mot. Dismiss at 3 (citation omitted).) Defendant Schubert responds that Kalina does not support Plaintiff's argument because "Plaintiff does not allege or offer any evidence that Schubert authored a similar type of document as that of the prosecutor in Kalina or that Schubert personally vouched for the information provided in the attached report authored by Detective Hendrickson." (Def.'s Reply to Pl.'s Opp'n Mot. Dismiss at 4.)

Courts take a functional approach to analyzing a prosecutor's claim of absolute immunity. Immunity decisions are based on "the nature of the function performed, not the identity of the actor who performed it." Kalina, 522 U.S. at 127 (internal quotations and citation omitted). The official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question. Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993).

Prosecutors are absolutely immune from § 1983 damages liability for "initiating a prosecution and in presenting the State's case." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). However, "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's

4

preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity." <u>Buckley</u>, 509 U.S. at 273.  Prosecutors are accorded only qualified immunity when performing investigatory as opposed to advocacy functions.  <u>See</u> <u>Herb Hallman Chevrolet, Inc. v. Nash-Holmes</u>, 169 F.3d 636 (9th Cir. 1999).

In the present case, Plaintiff alleges that Defendant Schubert is not immune for her conduct in executing and presenting to the Superior Court of California a declaration in support of an arrest warrant.  (Third Amended Compl. ¶¶ 69-70.)  The Third Amended Complaint does not attach the declaration, but Plaintiff states that in the declaration, Schubert

> declared under penalty of perjury that pursuant to her employment as a Deputy District Attorney for the County of Sacramento she has "been assigned to investigate allegations that [plaintiff J.N.] did commit the crime(s) as set forth in the attached complaint" and that she had contacted persons having knowledge of said offenses and who prepared written reports and/or statements, and/or had received and read written reports and/or statements prepared by others known to her to be law enforcement officers, all of which reports and/or statements are included in a report consisting of 6 pages attached to the declaration as Exhibit I and incorporated by reference thereto.

(Third Am. Compl. ¶ 69.)  The six-page report attached to Schubert's declaration was written by Defendant Hendrickson, an SPD detective.  (<u>Id.</u> ¶ 71.)  The six-page report is the document that Plaintiff alleges contained false statements and misrepresentations, as well as omitted exculpatory information.  (<u>Id.</u> ¶¶ 71-73.)  Plaintiff alleges that but for these problems with the report, "there would not have been adequate evidence to support probable cause for issuance of the arrest warrant or search warrant."  (<u>Id.</u> ¶ 74.)  Plaintiff relies on <u>Kalina</u> to show

5

Defendant Schubert is not entitled to immunity because Schubert attached the false report to her sworn declaration. (Pl.'s Opp'n Mot. Dismiss at 3.)

In <u>Kalina</u>, the Court concluded that a prosecutor who completed a "Certificate for Determination of Probable Cause" in conjunction with an arrest warrant had engaged in "the evidentiary component of an application for an arrest warrant" and therefore had acted as a witness. <u>Kalina</u>, 522 U.S. at 129, 131. The prosecutor there had certified under penalty of perjury to the truth of the factual matters alleged to support probable cause. <u>Id.</u> at 130-31.

Here, Defendant Schubert attached a six-page report with factual statements written and sworn by Detective Hendrickson to Schubert's own sworn declaration. (<u>See</u> Third Am. Compl. ¶¶ 22-23, 25.) But there is nothing to indicate that Schubert acted as a witness in executing her arrest warrant declaration. Schubert did not "personally attest[] to the truth of the averments," <u>see</u> <u>Kalina</u>, 522 U.S. at 129, in Hendrickson's report. Instead, Schubert stated under penalty of perjury that she had "contacted persons having knowledge of said offenses and who prepared written reports and/or statements, and/or had received and read reports and/or statements prepared by others known by her to be law enforcement officers." (Third Amended Compl. ¶ 69.) These other persons were the ones attesting to the truth of the report alleged by Plaintiff to have violated his rights. Thus, because Schubert's statements are those of an advocate and not a witness, Schubert is entitled to absolute prosecutorial immunity for her actions as alleged in the Third Amended Complaint.

///

6

### B.   Statute of Limitations

Defendant Schubert alleges that Plaintiff's adding her to the case for the first time in the Third Amended Complaint is time barred because the amendment does not relate back to the filing of the first complaint. (Def.'s Mot. Dismiss at 4.)  Plaintiff argues that the claim does relate back because the initial complaint alleged harms — such as the arrest warrant's issuance — done by Doe defendants, and that the amendment merely added Schubert as a former Doe defendant.  (Pl.'s Opp'n Mot. Dismiss at 5.)

Because the Court finds that Defendant Schubert is protected by absolute prosecutorial immunity for the actions the Third Amended Complaint alleges Schubert did that resulted in Plaintiff's harm, the Court does not resolve the time bar issue.

## IV.   CONCLUSION

For the reasons stated above, Defendant Schubert's Motion to Dismiss is GRANTED with prejudice.

IT IS SO ORDERED.


Dated: September 22, 2015

HON. DEAN D. PREGERSON
United States District Judge

7