O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| J.N., | ) | Case No. CV 14-2428  DDP (PLAx) |
| | ) | |
| Plaintiff, | ) | **ORDER RE: DISPUTED JURY** |
| | ) | **INSTRUCTION** |
| v. | ) | |
| | ) | |
| HEATHER M. HENDRICKSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Presently before the court is the parties' dispute as to Proposed Jury Instruction No. 31. (*Compare* Dkt. 97 (Plaintiff's proposed instruction) *with* Dkt. 110 (Defendant's proposed instruction.) Instruction No. 31 describes the standard for proving that Plaintiff's Fourth Amendment rights were violated through judicial deception.

To prove a claim for judicial deception, a plaintiff "must show that the defendant deliberately or recklessly made false statements or omissions that were material to the finding of probable cause." *KRL v. Moore*, 384 F.3d 1105, 1117 (9th Cir. 2004) (citations omitted); *see also Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir. 2002) ("A plaintiff must make

(1) a substantial showing of deliberate falsehood or reckless disregard for the truth, and (2) establish that but for the dishonesty, the challenged action would not have occurred. If a plaintiff satisfies these requirements, the matter should go to trial.") (citations and quotations omitted). Echoing this standard, the parties agree on both the need to issue Instruction No. 31 and substantially agree on the language for the instruction.[1] The dispute concerns the last three sentences. Plaintiff proposes the following wording:

> Omissions or misstatements resulting from negligence will not invalidate an affidavit which on its face establishes probable cause. Clear proof of deliberate or reckless omission or misstatement is not required.

(Dkt. 97 at 4.) Defendant proposes adding the underlined portions to Plaintiff's wording:

> Omissions or misstatements resulting from negligence <u>or good faith mistakes</u> will not invalidate an affidavit which on its face establishes probable cause. <u>Nor may a claim of judicial deception be based on an officer's erroneous assumptions about the evidence she has received.</u> Clear proof of deliberate or reckless omission or misstatement is not required.

(Dkt. 110 at 2 (emphasis added).) Put another way, the dispute before the court is whether showing that an officer acted in "good faith" or based on an "erroneous assumption" defeats a judicial deception claim.

On the issue of good faith, Defendant justifies the instruction on the ground that several courts in this Circuit include the following statement on good faith when discussing the elements of judicial deception: "'Omissions or misstatements resulting

---

[1] The agreed upon part of the instruction reads as follows:

> It is the reviewing judge's responsibility to determine whether a detective's allegations establish probable cause to issue a warrant. When a neutral judge issues a warrant, there is a presumption of validity with respect to the affidavit supporting the arrest warrant, and that the detective acted in an objectively reasonable manner.

> The presumption of validity may be overcome, however. An arrest warrant is not valid if the warrant affidavit, including any police reports upon which is based, contained statement which the detective knew to be false or would have known were false had the detective not recklessly disregarded the truth, or omitted material information which the detective knew to be true or was reckless as to its truth, and the warrant would not have been issued if the detective had not included the false statements and had included the material omitted information.

(Dkt. 97 at 4; Dkt. 110 at 2.)

from negligence or good faith mistakes will not invalidate an affidavit which on its face establishes probable cause.'" *Ewing v. City of Stockton*, 588 F.3d 1218, 1224 (9th Cir. 2009) (quoting *United States v. Smith*, 588 F.2d 737, 740 (9th Cir. 1978)); *see, e.g.*, *Fresno Rock Taco, LLC v. Rodriguez*, No. 1:11-CV-00622-LJO, 2013 WL 844421, at *5 (E.D. Cal. Mar. 6, 2013); *Harden v. City of Clayton*, No. C 10-4155 MEJ, 2012 WL 4761436, at *5 (N.D. Cal. Oct. 5, 2012). In response, Plaintiff is unable to cite to any authority that supports the proposition that an omission or misstatement resulting from a "good faith mistake" may still give rise to a judicial deception claim. To the contrary, the Ninth Circuit has held that "claims of judicial deception have as an essential element the subjective intent of the defendant." *Housley v. United States*, 35 F.3d 400, 401 (9th Cir. 1994) *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citing *Mendocino Envtl. Ctr. v. Mendocino County*, 14 F.3d 457, 462 (9th Cir.1994)).[2] In light of the foregoing, the court will include Defendant's proposed language on good faith mistakes.

Turning to the issue of "erroneous assumptions," Defendant again relies on language from Ninth Circuit case law stating that "a claim of judicial deception be based on an officer's erroneous assumptions about the evidence he has received." *Ewing v. City of Stockton*, 588 F.3d 1218, 1223–24 (9th Cir. 2009) (citing *United States v. Smith*, 588 F.2d 737, 739–40 (9th Cir. 1978)). As opposed to the good faith mistake issue, which finds support in an array of cases, only a handful district courts reference the "erroneous assumption" language. *See, e.g.*, *Zacharia v. City of Madera*, No. 1:06-CV-892 AWI SMS, 2010 WL 3618690, at *13 (E.D. Cal. Sept. 13, 2010); *Ammari v. Brathwaite*, No. CV F 11-0867 LJO DLB, 2012 WL 3985141, at *7 (E.D. Cal. Sept. 11, 2012). These cases all trace back to the Ninth Circuit's decision in *United States v. Smith*, which considered a judicial deception claim in the context of a search warrant that contained several material misstatements. 588 F.2d at 737. The material misstatements at issue were made by a

---

[2] *Housley* went on to explain that allegations of subjective intent must satisfy a heighted pleading standard. 35 F.3d at 401. The requirement that such allegations be subject to a heightened pleading standard has since been overruled by *Galbraith*. *See* 307 F.3d at 1124–25.

1  federal agent who had relied on information provided to him by a local detective. *Id.* at
2  737–38. In full, the court in *Smith* held that "[Plaintiff] did not intentionally or recklessly
3  include false statements in his affidavit in support of the search warrant. He made certain
4  erroneous assumptions on the basis of the information he received; but this does not
5  amount to the reckless inclusion of false statements in his affidavit." Nothing in this
6  language suggests that the Ninth Circuit intended to displace the traditional standard for
7  judicial deception claims of intentionally or recklessly including false statements in an
8  affidavit. To the contrary, the court was only illustrating why the erroneous assumptions
9  made by the federal agent in *that case* did not rise to the level of "reckless inclusion of
10 false statements."

11      Defendant's proposed instruction on "erroneous assumptions" states—or at a
12 minimum implies—that no claim for judicial deception exists where an officer made
13 misstatements or omissions on the basis of erroneous assumptions about the evidence.
14 This is an incorrect statement of law. It would be more accurate to say that a claim for
15 judicial deception can be based on an officer's *reckless* erroneous assumptions but cannot
16 be based on an officer's *negligent or good faith* erroneous assumptions. Of course, such an
17 instruction is redundant in light of the agreed upon portion of the jury instruction and
18 risks confusing the jury about how to properly understand any erroneous assumptions
19 Defendant may have made in the instant case. Accordingly, the court will not include the
20 following sentence in Proposed Jury Instruction No. 31: "Nor may a claim of judicial
21 deception be based on an officer's erroneous assumptions about the evidence she has
22 received." (Dkt. 110 at 2.)

23      Finally, the court has made additional revisions to the proposed instruction in
24 order to improve clarity. The court intends to issue the following jury instruction on the
25 judicial deception claim:
26 ///
27 ///
28 ///

4

## COURT'S INSTRUCTION NO. 31

A plaintiff's Fourth Amendment rights are violated if an arrest was based on "judicial deception."

When a detective seeks to obtain a warrant from a judge, it is the reviewing judge's responsibility to determine whether the detective's allegations establish probable cause to issue the warrant. A judge's decision to issue the warrant creates the presumption that the affidavit supporting the arrest warrant was valid and that the detective acted in an objectively reasonable manner.

The presumption of validity may be overcome. An arrest warrant is not valid if the detective engaged in judicial deception. Judicial deception occurs when:
    (1) The detective
        (a) included in the warrant affidavit, including any attached reports, information that the detective knew to be false, or omitted statements that the detective knew to be true, OR
        (b) included information in or omitted information from the affidavit, or attached reports, with a reckless disregard for the truth

    AND

    (2) The warrant would not have issued if the detective had not included the false statements or had included the omitted information.

A claim for judicial deception cannot be based on omissions or misstatements resulting from negligence or good faith mistakes. In deciding whether an omission or misstatement was deliberate or reckless, as opposed to negligent or a good faith mistake, you should consider all of the evidence presented, regardless of which party produced it.

**IT IS SO ORDERED.**

Dated: March 2, 2017

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

5