O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| J.N., | ) | Case No. 14-02428 DDP-PLAx |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S** |
| | ) | **MOTION TO ALTER OR AMEND** |
| v. | ) | **THE ORDER RE: ATTORNEY'S FEES** |
| | ) | |
| DETECTIVE HEATHER | ) | [Dkt. 196] |
| HENDRICKSON, | ) | |
| | ) | |
| Defendant. | ) | |

Presently before the court is Plaintiff's Motion to Alter or Amend the Order Re: Attorney's Fees, issued August 15, 2017. (Dkt. 189). Having considered the parties' submissions, the court adopts the following Order.

## I. BACKGROUND

Plaintiff J.N. filed the instant action pursuant to 42 U.S.C. § 1983 alleging violations of his Fourth and Fourteenth Amendment Rights on the basis of judicial deception and malicious prosecution by Defendant Detective Heather Hendrickson ("Hendrickson"). (*See* Third Amended Complaint ("TAC"), Dkt. 29). The court assumes the parties' familiarity with the facts, which have been set forth in greater detail in the Order granting Defendant's Motion for Remittitur (Dkt. 167) and Order Re: Attorney's Fees (Dkt. 189). As relevant here, J.N. sued Detective Hendrickson, her supervisor, the deputy District Attorney handling the case, and also raised *Monell* claims for municipal liability. The court dismissed the claims against the deputy District Attorney and Plaintiff dismissed all remaining Defendants other than Hendrickson prior to trial. The case went to trial and a jury found in favor of J.N. on his claims against Hendrickson for judicial deception and malicious prosecution.

The court subsequently awarded Plaintiff attorneys' fees in the amount of $471,820.45. (Dkt. 189). Plaintiff now moves the court to amend or alter its Order Re: Attorney's Fees, claiming that the court improperly exercised its discretion in reducing the award by 10% to account for the withdrawal of Plaintiff's *Monell* claims.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 60(b), a party may move the district court to relieve the party from a final judgment, order, or proceeding for "any reason that justifies relief." "A district court acts within its discretion in awarding fees when the amount is reasonable and the court fully explains its reasoning in making the award." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437.

## III. DISCUSSION

Plaintiff requests that the court reconsider its prior Order awarding attorneys' fees in the amount of $414.351.45. Central to Plaintiff's motion is the claim that the court erred by imposing a 10% reduction in the total fee award to reflect time spent preparing the *Monell* claims, which were abandoned shortly before the original trial date.[1]

Plaintiff's present motion largely reiterates the arguments brought in support of its motion for attorneys' fees. As an initial matter, the court finds that Plaintiff failed to contest Defendant's requested 10% reduction in its reply, except to make general claims that Defendant's "arguments are unsupported by the facts and the law." (Def.'s Reply at 2, Dkt. 67). Even so, the court finds that the 10% reduction was reasonable. Under *Hensley*, a court must exclude hours spent on claims that are unrelated to successful claims. *Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983). As the court reasoned in its prior Order, the *Monell* claims for municipal liability were not sufficiently related to Plaintiff's successful claims against Hendrickson (*See* Order at 8, Dkt. 189). Therefore, Plaintiff was not entitled to recover for time spent on the *Monell* claims.

Plaintiff challenges this finding by reference to *McCown v. City of Fontana*, 565 F.3d 1097 (9th Cir. 2009). In that case, the plaintiff brought Section 1983 claims against police officers and the city, alleging excessive force and unlawful arrest, as well as *Monell* claims for deliberate indifference on the part of the city. The Ninth Circuit concluded that the district court did not abuse its discretion by concluding that all of the claims were related because they "arose from a common core of facts." *Id*. 1103.

This case differs from *McCown* in that Plaintiff's *Monell* claims were not strictly based on the city's deliberate indifference, but on the city's failure to train and alleged policy or practice "of arresting persons [in Plaintiff's situation] without probable cause and maliciously prosecuting" them. (*See* TAC at ¶¶ 132, 144). The abandoned *Monell*

---

[1] The trial date was continued several times from April 12, 2016 to February 28, 2017. (Dkts. 55, 68, 87, 102). Plaintiff's *Monell* claims were abandoned on May 15, 2016. (Dkt. 67). Plaintiff thus abandoned the *Monell* claims about one month prior to the original trial date, and after the close of fact discovery. (Dkt. 55).

claims for municipal liability therefore rested on a different set of core facts than the successful claims against Detective Hendrickson. As a result, Plaintiff is not entitled to recover for work performed on the unrelated *Monell* claims.[2]

Finally, Plaintiff argues that the 10% reduction was unnecessary because Plaintiff had, in an exercise of billing discretion, already imposed a 10% reduction in overall fees for "duplicative, unnecessary, non-attorney work." (Pl.'s Mem., Dkt. 196, at 6). The court finds that a further reduction was not unreasonable, as the self-imposed reduction was calculated to address concerns separate from those related to the *Monell* claims, including concerns that some of the work was redundant or the result of overstaffing. (*See* Dkt. 149-1, at 13-14).

**IV. CONCLUSION**

In light of these circumstances, the court is satisfied that the total fee award and corresponding reduction were reasonable, and no amendment to its prior Order Re: Attorney's Fees is warranted.

For the reasons stated above, Plaintiff's Motion is DENIED.

**IT IS SO ORDERED.**

Dated: October 3, 2017

_____

DEAN D. PREGERSON

---

[2] Plaintiff also contends that, because he has achieved "total success" at trial, then there should be no reduction in fees. That claim, however, does not disturb the court's earlier finding that, although Plaintiff was successful on his remaining claims against Hendrickson, he did not achieve success on the unrelated and abandoned *Monell* claims.

4

1 UNITED STATES DISTRICT JUDGE
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28